UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LISA COPPOLA LLC d/b/a THE COPPOLA FIRM,

           Plaintiff,

v.                                         Docket No.: 119-cv-678

MATTHEW K. HIGBEE, ESQ., NICHOLAS YOUNGSON,
RM MEDIA, LTD, and HIGBEE & ASSOCIATES,

           Defendants.

---

## VERIFIED COMPLAINT

Plaintiff, by its attorneys, The Coppola Firm, for its verified complaint against the defendants, alleges upon information and belief:

### NATURE OF ACTION

1.      Plaintiff brings this action as one of the unsuspecting victims of a fraudulent scheme in which defendants abuse the United States copyright laws by filing copyright registrations for effortless and mundane photographs and then labeling those photos as "free for reuse" on the Internet thereby entrapping innocent and well-intentioned people who mistakenly believe that the "labeled for reuse" photos can be used without attribution.

2.      Defendants have orchestrated this fraudulent scheme to generate undeserved profit; typically seeking statutory damages of up to $150,000.00 unless and until their entrapped victims agree to pay monies to one or more of the defendants.

3.     By this scheme, defendants engage in harassing scare tactics intended to

extract money from victims who settle because they do not know how to defend

themselves.

4.     Upon information and belief, defendants have abused United States copyright

law by crafting the following entrapment scheme:

- a. First, an individual who reportedly lives in the United Kingdom takes garden-variety photographs of text on common backgrounds such as on a clipboard or highway sign;
- b. Then, a copyright registration is filed with the United States Copyright Office for the subject photos;
- c. Once the copyright is secured, the photos are made readily available on the Internet under the label "usage rights:  free to use, share or modify, even commercially;"
- d. This causes the photos and their corresponding "free to use" labels to be easily found online through the use of common search terms and lures consumers into reasonably relying that images labeled for reuse may in fact be reused without attribution;
- e. Then, to maximize their profit and increase their number of victims, defendants optimize their images so that they appear first when a consumer searches for online images using common terms;
- f. Consumers thereby sufficiently deceived, defendants then lie in wait until a consumer uses the image;
- g. Once the image is used, defendants engage their assembly-line law firm to cash in on the consumer's well-intended use of the image;
- h. Defendants send to the consumer, through the United States Postal Service, a threatening letter which demands payment (complete with an enclosed credit card authorization to expedite payment);
- i. Next, defendants' so-called Claims Resolution Specialist is assigned to process the victim's payment;
- j. Then, if the victim refuses to pay, defendants threaten legal action in an attempt to extort payment from the victim;
- k. At this point, having sufficiently intimidated a victim by their wrongful conduct, defendants receive payment, cash their victim's check and move on to the next victim.

## PARTIES AND JURISDICTION

5.      Lisa Coppola LLC d/b/a The Coppola Firm (hereinafter "The Coppola Firm" or the "Firm") is a New York limited liability company with its principal place of business in Buffalo, New York.

6.      Upon information and belief, defendant Nicholas Youngson ("Youngson") is a natural person residing at 9 Lyndale Court, Winsford, CW73BZ, England.

7.      Upon information and belief, Matthew K. Higbee, Esq. ("Matthew Higbee") is a natural person residing in the State of California and is licensed to practice law in the State of California.

8.      Upon information and belief, defendant Higbee & Associates is a law firm with its principal place of business located at 1504 Brookhollow Drive, Suite 112 in Santa Ana, California.

9.      Defendant Matthew K. Higbee is the Founding Attorney of Higbee & Associates.

10.     Upon information and belief, defendant RM Media, Ltd. ("RM Media") is a company registered in the United Kingdom and owned in whole or in part by defendant Youngson.

11.     RM Media conducts business throughout the Unites States via the internet.

12.     RM Media is controlled and/or operated by Higbee & Associates and/or Matthew Higbee.

13.     Upon information and belief, Youngson and RM Media have assigned full power of attorney to defendant Higbee & Associates.  *See* Exhibit A.

14.     The aforesaid assignment facilitates defendants' fraudulent scheme.

15.     Upon information and belief, at all relevant times herein, defendants acted

in concert together to perpetrate a deceptive and fraudulent scheme against plaintiff and many others by which they generated enormous sums of money.

16.     At all times relevant herein, defendants' actions occurred in the United States and, in particular, within the State of New York.

17.     This court has subject matter jurisdiction over this matter pursuant to Title 28 of the United States Code, § 1338(a) because this matter arises under the copyright laws of the United States (17 U.S.C. §§ 101 et seq.), the Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202), and the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 et seq.).

18.     This court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because plaintiff's principal place of business is in the State of New York, Matthew Higbee is a citizen of the State of California, Higbee & Associates has its principal place of business in the State of California, defendant Youngson is a citizen of the United Kingdom, defendant RM Media has its principal place of business in the United Kingdom, and the amount in controversy exceeds $75,000.00.

19.     This court has personal jurisdiction over defendants because at all relevant times defendants engaged in business in the State of New York, and plaintiff's claims arise from this business within the State of New York.

20.     In addition, defendants consistently and repeatedly use the internet.

21.     Defendants consistently and repeatedly use the United States Postal Service, directing their mailed communications into the State of New York.

22.     This court also has personal jurisdiction over defendants because their consistent and prolonged use of the internet and the United States Postal Service constitutes sufficient minimum contacts with New York State.

23.     Venue is proper proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the actions which give rise to plaintiff's claim occurred within the Western District of the New York.

## BACKGROUND FACTS AND CIRCUMSTANCES

24.     The Coppola Firm is a New York-certified woman-owned business that provides legal services to individuals, businesses, and organizations throughout the State of New York.

25.     As a complement to its law practice, The Coppola Firm posts educational blog posts online at www.coppola-firm.com which are intended to educate the public about changes in the law.  The blog posts typically are published on the Firm's website then shared to social media.

26.     Often, The Coppola Firm posts a relevant image along with the blog post.

27.     The Coppola Firm generally does not generate revenue through its blog posts.

28.     The Firm has strict rules that all images used by the Firm must be owned by the Firm, created by the Firm, properly licensed for use by the Firm, or be royalty-free.

29.     Prior to beginning its blog, the Firm consulted with industry professionals to ensure that its mechanism for obtaining royalty-free images did not run afoul of United States' copyright laws.

30.     After exercising this reasonable due diligence, The Coppola Firm concluded that an image obtained through an advanced search filtered specifically for images labeled with the usage rights "free to use, share or modify, even commercially," were free to be used without attribution.

31.     Thus, when an image was labeled "free to use, share or modify, even commercially," the Firm may post such an image to its blog without attribution and without a license agreement for the image because the Firm understood the image to be "free to use."

32.     This is precisely the manner in which the Firm located and decided to use the five images that are the subject of this litigation (the "Images").  *See* Exhibit B.

33.     Each of the subject images was optimized to appear at the top of an advanced image search filtered for images that were specifically labeled with the usage rights "free to use, share or modify, even commercially."  *See* Exhibit C.

34.     Given the Firm's diligence, it was shocked to receive a demand letter from defendants in March of 2019.  In that letter, defendants demanded payment in the amount of $9,200.00 because, they alleged, The Coppola Firm had not purchased a license to use the Images.  The letter included a credit card authorization from to quickly process the demanded $9,200.00 payment.  Defendants offered no explanation about how they arrived at the $9,200.00 demand.

35.     In response to defendants' demand letter, The Coppola Firm hired legal counsel to evaluate its rights surrounding the purported claim which arose from defendants' deception of the Firm.

36.     In an abundance of caution, The Firm also removed each of the Images from the Firm's website and social media.

37.     The Firm has not now and never did receive any monetary benefit as a result of using the Images.

38.     Subsequently, the Firm learned that defendant Higbee & Associates had assigned a so-called Claims Resolution Specialist to defendants' claim against the Firm.

39.     Without any admission of liability and purely as a business accommodation, the Firm's legal counsel attempted to negotiate a settlement with defendants' Claims Resolution Specialist, specifically emphasizing the many reasons why defendants did not have a valid claim for copyright infringement against the Firm.

40.     Each of the Firm's settlement offers was rejected.

41.     Instead, defendants threatened legal action seeking damages up to $150,000.00.

42.     In threatening legal action, defendants used the United States Postal Service to transmit to the Firm and/or its agent a purported draft complaint seeking $150,000.00 in damages as well attorneys' fees and costs.  Defendants gave the Firm just 15 days to settle the claim or be sued.

43.     Upon information and belief, defendants used this high-pressure tactic to extract payment from The Coppola Firm even though payment was not rightfully owed to defendants.

44.     Concerned by the blatant fraud and extortion being perpetrated by defendants, the Firm researched the defendants and learned that the Firm was only one of many victims tricked into using one of the Images because it was portrayed as "free-to-use" online and affirmatively pushed by defendants or their agents to the top of common web searches.

45.     Among the victims were many businesses and individuals including at least one other law firm in New York State.  *See, e.g., Meyer, Suozzi, English & Klein, P.C. v. Higbee, et al.,* Docket No. 18-CV-03353 (E.D.N.Y).

46.     At all times, each of the Images was, in fact, made available online by defendants for free, even for commercial re-use. *See* Exhibit D.

7

47.     To the extent the Firm used the Images without attribution, it did so unintentionally and only because defendants deceived the Firm into believing the Images were free to use, share or modify, even commercially, without attribution.

48.     Defendants have no valid basis on which to claim copyright infringement because it labeled its photos as "free-to-use."

49.     Defendants have no valid basis on which to claim copyright infringement because the Images are garden-variety, mass produced within minimal alterations, and not sufficiently creative to warrant copyright protection.

50.     Upon information and belief, at all relevant times defendants have been aware that they do not have a valid claim of copyright infringement against The Firm.

51.     Upon information and belief, defendants structure their internet presence in a way that intentionally lures consumers into thinking they are free to use defendants' images and then extorts the deceived consumers to make a profit.

52.     Defendants' business practices are fraudulent and in violation of N.Y. General Bus. Law § 349.

## FIRST CAUSE OF ACTION
## FOR DECLARATORY RELIEF OF NON-INFRINGEMENT

53.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

54.     There is a substantial and actual controversy between plaintiff and defendants that warrants specific relief by a decree by this Court.

55.     Defendants have improperly alleged that plaintiff has infringed on its copyright.

56.     Through its improper conduct, defendants have attempted to extort money damages from The Coppola Firm.

57.     Defendants are not entitled to copyright protection because they made the Images available to plaintiff as "free-for-reuse."

58.     Defendants are not entitled to copyright protection because plaintiff had a license to use the Images.

59.     Defendants are not entitled to copyright protection because they caused plaintiff to believe it could use the Images without license and without attribution.

60.     Defendants are not entitled to copyright protection because the Images are not sufficiently creative to warrant protection.  Indeed, defendants take an image of a common item such as a highway sign or clipboard and then add a single word or phrase to it.  The word or phrase is then modified to create a multitude of images each of which entirely lack creativity.

61.     Defendants are not entitled to copyright protection because The Coppola Firm's use of the Images constitutes fair use.

62.     A declaratory judgment is necessary to resolve, settle, and clarify the controversy between plaintiff and defendants.

63.     Plaintiff therefore requests that the Court issue a declaration that plaintiff's use of the Images was not copyright infringement as a matter of law, and defendants cannot sustain a claim against The Coppola Firm for copyright infringement on account of the Firm's use of the Images.

## SECOND CAUSE OF ACTION
## FOR INJUNCTIVE AND COMPENSATORY RELIEF
## UNDER THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

64.     Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

65.     Defendants' conduct, namely their fraudulent scheme by which they falsely represent that they have a valid copyright claim and then send threats through the United States Postal Service to extort money from victims, violates 18 U.S.C § 1341.

66.     Upon information and belief, defendants have threatened hundreds, if not thousands, of victims through their use of the United States Postal Service in order to extort payment for fraudulent claims of copyright infringement.

67.     Defendants' violation of 18 U.S.C § 1341 qualifies as racketeering activity as defined by 18 U.S.C. § 1961(1) and made unlawful by 18 U.S.C. § 1962.

68.     Defendants acted in concert to either aid, abet, counsel and/or command the actions that violated 18 U.S.C § 1341, and as a result, each defendant is a principal as described by 18 U.S.C. § 2.

69.     Specifically, defendants Matthew Higbee and Higbee & Associates demanded, through the use of the United States Postal Service, payment on copyright infringement claims that they knew were not legally enforceable.

70.     Upon information and belief, defendants Matthew Higbee and Higbee & Associates counseled defendants Youngson and RM Media to join them in this pattern of racketeering.

71.     Upon information and belief, defendants Youngson and RM Media either commanded or aided and abetted the violations 18 U.S.C § 1341 by making Higbee & Associates their power of attorney.

72.     Upon information and belief, defendants conspired to violate 18 U.S.C § 1341 when defendants agreed to orchestrate a scheme that manufactured meritless copyright infringement claims so that defendant Matthew Higbee and his law firm could extort victims in order to make a profit.  Moreover, defendants Matthew Higbee and Higbee & Associates overtly acted in furtherance of the conspiracy when they sent threatening demand letters using the United States Postal Service.

73.     Likewise, defendants RM Media and Youngson overtly acted in furtherance of the conspiracy when they assigned Higbee & Associates as their power of attorney.

74.     Upon information and belief, defendants have derived substantial income, either directly or indirectly, through their pattern of racketeering activity in violation of 18 U.S.C. § 1962.

75.     Defendants Higbee & Associates and RM Media each is engaged in, or engaged in activities that affect, interstate commerce and are enterprises as defined by 18 U.S.C. § 1961(4).

76.     Upon information and belief, each individual defendant either is employed by or associated with defendants Higbee & Associates and/or RM Media and also engaged in those enterprises' affairs through a pattern of racketeering as described herein.

77.     Upon information and belief, one or more defendants have directly or indirectly used or invested the income described herein to either acquire an interest in, or establish operation of, defendants Higbee & Associates, RM Media, or another enterprise that is or has been engaged in activities that affect interstate commerce.

78.     Upon information and belief, defendants, through their pattern of racketeering activity, either directly or indirectly acquired or maintained an interest in or

control defendants Higbee & Associates, RM Media, or another enterprise that is or has been engaged in activities that affect interstate commerce.

79.     Plaintiff's business has been damaged by reason of defendants' substantive violations of 18 U.S.C. § 1962.

80.     Plaintiff therefore requests pursuant to 18 U.S.C. § 1964(a) that the Court restrain defendants' violations of 18 U.S.C. § 1962 by issuing an order that defendant Matthew Higbee divest himself of any direct or indirect interest in defendants Higbee & Associates, RM Media, and any other enterprise discovered to have been used by defendant Matthew Higbee in his pattern of racketeering and fraud.

81.     Plaintiff further requests pursuant to 18 U.S.C. § 1964(a) that the Court restrain defendants' violations of 18 U.S.C. § 1962 by issuing an order defendant Youngson divest himself of any direct or indirect interest in defendant RM Media and any other enterprise discovered to have been used by defendant Youngson in his pattern of racketeering and fraud.

82.     Plaintiff further requests that the Court impose reasonable restrictions on defendants Higbee and Youngson prohibiting them from engaging in a similar racketeering endeavor in the future.

83.     Finally, plaintiff requests that the Court order dissolution of defendants Higbee & Associates and RM Media.

84.     Pursuant to 18 U.S.C. § 1964(c), plaintiff demands treble damages in amount to be determined by a jury as well as the costs of this litigation including reasonable attorneys' fees.

## THIRD CAUSE OF ACTION
## FOR INJUNCTIVE AND COMPENSATORY RELIEF
## UNDER NEW YORK GENERAL BUSINESS LAW § 349

85.     Plaintiff repeats and realleges each of the preceding allegations as if fully set forth herein.

86.     Deceptive business practices are unlawful in New York State pursuant to New York General Bus. L. § 349.

87.     Defendants have engaged in deceptive business practices within the State of New York.

88.     Defendants' actions are in violation of NY General Bus. Law § 349.

89.     Defendants knowingly and willfully violated of NY General Bus. Law § 349.

90.     By reason of defendants' deceptive business practices, plaintiff has been damaged in an amount exceeding $1,000.00.

91.     By reason of the foregoing, plaintiff is entitled damages from defendants, jointly and severally, in an amount to be determined at trial, which shall include but not be limited to plaintiff's attorneys' fees.

**WHEREFORE**, The Coppola Firm respectfully requests that the Court:

A.      Declare that plaintiff's use of the Images allegedly under license did not and does not constitute copyright infringement as a matter of law;

B.      Declare that defendants cannot sustain a claim against The Coppola Firm for copyright infringement because of the Firm's use of the Images;

C.      Award plaintiff money damages as against defendants, jointly and severally, including the costs and expenses of this litigation, together with reasonable attorneys' fees as set forth in 17 U.S.C. § 505 and New York General Business Law § 349(h);

13

D.      Order that defendant Higbee divest himself of any direct or indirect interest in defendants Higbee & Associates and RM Media and any other enterprise discovered to have been used by defendant Higbee in his pattern of racketeering and fraud;

E.      Order that defendant Youngson divest himself of any direct or indirect interest in defendant RM Media and any other enterprise discovered to have been used by defendant Youngson in his pattern of racketeering and fraud;

F.      Order the imposition of reasonable restrictions on defendants Higbee and Youngson prohibiting them from engaging in a similar racketeering endeavor in the future;

G.      Order the dissolution of defendant Higbee & Associates and of defendant RM Media; and

H.      Award plaintiff such other and further relief as the Court deems just and proper.

### PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  Buffalo, New York
          May 24, 2019

**THE COPPOLA FIRM**

By: _____
          Lisa A. Coppola, Esq.
          Erin K. Ewell, Esq.
          3960 Harlem Road
          Buffalo, NY 14226
          T:  716.839.9700
          F:  716.408.9220
          E.  lcoppola@coppola-firm.com
          E:  eewell@coppola-firm.com

# **VERIFICATION**

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF ERIE         )

Lisa A. Coppola, Esq., being duly sworn, deposes and says that she is the sole member and managing partner of Lisa Coppola LLC d/b/a The Coppola Firm, the New York limited liability company named in the within entitled action; that she has read the verified complaint and knows the contents thereof; and that the same is true to her own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters she believes them to be true.

Deponent further says that the reason this verification is made by deponent and not by The Coppola Firm is because The Coppola Firm is a limited liability company, and the grounds of deponent's belief as to all matters in the verified complaint not stated on her own knowledge, are investigations which deponent has caused to be made concerning the subject matter of this verified complaint and information acquired by deponent in the course of her duties as a member of the limited liability company and from the books and papers of the company.

_____
Lisa A. Coppola, Esq.

Sworn to before me this
24th day of May, 2019.

_____
Notary Public

COLLEEN J. FELDT
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Mar. 24 2022

15