UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA COPPOLA LLC d/b/a THE COPPOLA FIRM,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MATHEW K. HIGBEE, ESQ., NICHOLAS YOUNGSON, RM MEDIA, LTD., and HIGBEE & ASSOCIATES,<br><br>　　　　Defendants. | Case No. 1:19-cv-00678-CCR |

## ENTRY ORDER
## DENYING THE HIGBEE DEFENDANTS' MOTION FOR ATTORNEY'S FEES
(Doc. 24)

In May 2019, Plaintiff Lisa Coppola LLC d/b/a The Coppola Firm filed suit against Defendants Mathew K. Higbee, Esq., Higbee & Associates (together, the "Higbee Defendants"), Nicholas Youngson, and RM Media, Ltd. ("RM") (collectively, "Defendants") alleging that it was a victim of a fraudulent scheme in which Defendants offer images on the internet "free for use" subject to certain licensing requirements and then claim damages for copyright infringement from those who use the images without attribution. On April 28, 2020, the Higbee Defendants filed a motion for attorney's fees pursuant to the Copyright Act of 1976, 17 U.S.C. § 505, or, in the alternative, pursuant to 28 U.S.C. § 1927. (Doc. 24.) On May 26, 2020, Plaintiff opposed the motion, and the Higbee Defendants replied on June 9, 2020, at which time the court took the motion under advisement.

Plaintiff is represented by Lisa A. Coppola, Esq., and Erin Kathleen Ewell, Esq. The Higbee Defendants are represented by Rayminh L. Ngo, Esq. Defendants Youngson and RM took no position on the Higbee Defendants' motion and are represented by Jeanne M. Weisneck, Esq.

## I. Factual and Procedural Background.

In its Verified Complaint, Plaintiff alleged that in March 2019, it "receive[d] a demand letter from [D]efendants" seeking "payment in the amount of $9,200.00 because . . . [Plaintiff] had not purchased a license to use" certain images purportedly owned by Defendants, which Plaintiff found through an internet search and posted on its website. (Doc. 1 at 6, ¶ 34.) According to Plaintiff, Defendants' request for payment was part of a malicious plan to extract payment from unsuspecting victims who mistakenly believed Defendants' images were free to use by threatening suit under the federal copyright laws. Based on that theory, Plaintiff asserted claims pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO") and New York General Business Law § 349 ("GBL § 349"), seeking compensatory damages, an order granting various relief pursuant to RICO, and a declaratory judgment that Plaintiff's use of the disputed images did "not constitute copyright infringement as a matter of law[.]" (Doc. 1 at 13.) The Higbee Defendants moved to dismiss the Verified Complaint for failure to state a claim. Defendants Youngson and RM moved to dismiss for lack of personal jurisdiction, insufficient service of process, and failure to state a claim under Rule 12(b)(6).

On March 9, 2020, the court issued an Opinion and Order (the "Opinion") granting the Higbee Defendants' motion to dismiss, granting in part and denying in part Defendants Youngson's and RM's motion to dismiss, and granting Plaintiff leave to amend its claims within twenty days. The court cautioned that repleading of Plaintiff's RICO claim was "likely to prove futile" due to an "array of substantive and procedural deficiencies" identified by the court and Defendants, but afforded Plaintiff an opportunity to amend its claims nonetheless. (Doc. 21 at 19). Plaintiff voluntarily dismissed the case against Defendants Youngson and RM on March 30, 2020 with prejudice, and did not amend its pleading. On April 14, 2020, the court entered judgment dismissing the case against the Higbee Defendants.

2

## II.     Conclusions of Law and Analysis.

### A.     Whether the Higbee Defendants Are Entitled to An Award of Fees Pursuant to 17 U.S.C. § 505.

Courts have discretion to "award a reasonable attorney's fee to the prevailing party" in a lawsuit under the federal copyright laws. 17 U.S.C. § 505. A "prevailing party" is "one who has been awarded some relief by the court[.]" *Buckhannon Bd. & Care Home, Inc. (Buckhannon) v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (internal quotation marks omitted). More specifically, "enforceable judgments on the merits and court-ordered consent decrees" qualify as the type of relief that may entitle a party to an award of attorney's fees by enacting a "material alteration of the legal relationship of the parties[.]" *Id.* at 604 (internal quotation marks and citation omitted).

As the Supreme Court has observed, "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice[.]'" *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). If a plaintiff remains "free to pursue [its] claims against the defendants . . . , because it remains to be seen which party will, in fact, prevail on the merits, defendants have not yet achieved a judicially sanctioned change in the legal relationship of the parties so as to be considered 'prevailing' under Rule 54(d)." *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 103 (2d Cir. 2006).[1] As a result, a defendant has not "prevailed" if the claims against it are dismissed without prejudice. *See, e.g., Bray v. Purple Eagle Ent., Inc.*, 2019 WL 549137, at *4 (S.D.N.Y. Feb. 12, 2019) (finding "dismissal of the amended complaint with leave to amend does not qualify [d]efendants as 'prevailing parties' for purposes of the Copyright Act"); *Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 266 (S.D.N.Y. 2013) (holding that defendants "remained at risk and therefore cannot be a 'prevailing party' entitled to costs [or attorney's fees] under Rule 54(d)" where court granted plaintiff leave to amend its claims).

---

[1] Fed. R. Civ. P. 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" in litigation unless a federal statute or rule provides otherwise. Fed. R. Civ. P. 54(d)(2) establishes the procedure for making a motion for an award of attorney's fees. The Second Circuit has recognized that "[i]n general, a litigant who is a prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs." *Dattner*, 458 F.3d at 101.

3

In this case, the court granted the Higbee Defendants' motion to dismiss but permitted Plaintiff to amend its complaint.[2] The court evaluated the plausibility of the Verified Complaint but did not adjudicate the merits. While it found that Plaintiff had failed to allege facts to support certain essential elements of its claims, it did not conclude that Plaintiff's claims were frivolous or that Plaintiff could not, as a matter of law, establish the Higbee Defendants' liability. At the motion to dismiss stage, the court does not "weigh the evidence" or "evaluate the likelihood that" a plaintiff will ultimately prevail on his or her claims. *Christiansen v. Omnicom Grp., Inc.*, 852 F.3d 195, 201 (2d Cir. 2017). Accordingly, the Higbee Defendants were not "immunized from the risk of further litigation on the merits of [Plaintiff's] claims" by dismissal of those claims with leave to amend. *Ritani, LLC*, 970 F. Supp. 2d at 266 (internal brackets and alteration omitted).

The Higbee Defendants nonetheless contend that they have prevailed, noting that Plaintiff voluntarily dismissed "all of the same claims" against Defendants Youngson and RM with prejudice, and that Plaintiff chose not to amend its pleading or file an appeal. (Doc. 28 at 7.) They assert that it would be "unlikely if not legally impossible" for Plaintiff to pursue claims against the Higbee Defendants alone because Defendants RM and Youngson would be "necessary party defendants in any such action[.]" *Id.* at 8. Although ultimately that might have proved true, it presupposes the nature of Plaintiff's potential amended claims. Because Plaintiff was granted leave to amend, and the dismissal of claims against the Higbee Defendants was without prejudice, those defendants "remained at risk." *Ritani, LLC,* 970 F. Supp. 2d at 266 (finding that where

---

[2] Defendants incorrectly contend "that portion of the order" granting leave to amend "explicitly applied only to Plaintiff's RICO claim." (Doc. 28 at 7.) The court did not dismiss any of Plaintiff's claims with prejudice and granted leave to amend without limitation. *See* Doc. 21 at 19 ("The court will not foreclose Plaintiff's opportunity to amend, but, in granting leave, reminds the Plaintiff that '[b]ecause of [the] likely powerful effect on potentially innocent defendants who face the threat of treble damages, and the concomitant potential for abuse of RICO's potent provisions, the court is aware of a particular imperative in cases such as the one at bar, to flush out frivolous civil RICO allegations at an early stage of the litigation.'") (quoting *Curtis & Assocs., P.C. v. Law Offices of David M. Bushman*, 758 F. Supp. 2d 153, 167 (E.D.N.Y. 2010), *aff'd*, 443 F. App'x 582 (2d Cir. 2011)).

4

the plaintiff filed an amended pleading which omitted the copyright claim previously asserted against the defendant, defendant was not a prevailing party). They are therefore not a "prevailing party" and not entitled to attorney's fees under the Copyright Act.

"If the [d]efendants are not 'prevailing parties' within the meaning of the statute, the instant motion must be denied without further analysis as this requirement is a statutory prerequisite to the requested relief." *Id.* at 265. The court therefore need not and does not address Plaintiff's argument that the Higbee Defendants' motion was untimely. Because the court's Opinion did not effectuate "a court-ordered change in the legal relationship between the [P]laintiff and the [D]efendant[s,]" *Buckhannon*, 532 U.S. at 604 (internal brackets and citation omitted), the Higbee Defendants' motion for an award of attorney's fees under 17 U.S.C. § 505 must be DENIED.

### B.   Whether the Higbee Defendants Are Entitled to An Award of Fees Pursuant to 28 U.S.C. § 1927.

In the alternative, the Higbee Defendants seek an award of attorney's fees under 28 U.S.C. § 1927, which permits the court to require "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorney['s] fees reasonably incurred because of such conduct." This provision permits an award of attorney's fees as a sanction only if the court finds "clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (internal quotation marks omitted). A "colorable" claim is one that "has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78-79 (2d Cir. 2000). Because § 1927 "carries with it the potential for abuse," it must be "construed narrowly and with great caution[.]" *Mone v. Comm'r of Internal Revenue*, 774 F.2d 570, 574 (2d Cir. 1985).

In granting Plaintiff leave to amend, the court found that "futility, undue delay, bad faith, or dilatory motive" did not foreclose amendment. (Doc. 21 at 18) (quoting *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016)) (brackets

5

omitted). In contrast, "[a] claim is entirely without color when it lacks *any* legal or factual basis." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999) (emphasis in original) (citation omitted). No such finding was made in this case. *See Kim*, 884 F.3d at 106 ("[A]lthough Kim's amended complaint ultimately failed to state a RICO claim, his claims were not so obviously foreclosed by precedent as to make them legally indefensible."). Moreover, the Higbee Defendants have not independently made a "clear showing of bad faith[.]" *Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 112 (S.D.N.Y. 2017); *see also Schlaifer Nance & Co.*, 194 F.3d at 340-41 (reversing award of sanctions under § 1927 where plaintiff's counsel exercised "poor legal judgment[,]" but plaintiff nonetheless had a basis for "subjective good faith in [its] action").

"The decision to issue sanctions" pursuant to § 1927 "lies within this [c]ourt's broad discretion." *Cole v. Stephen Einstein & Assocs., P.C.*, 365 F. Supp. 3d 319, 337 (W.D.N.Y. 2019) (citation omitted). Because Plaintiff's claims in the Verified Complaint were not bereft of a factual or legal basis and were apparently asserted in good faith, the Higbee Defendants' request for an award of attorney's fees under 28 U.S.C. § 1927 as a sanction must be DENIED.

## CONCLUSION

For the reasons set forth above, the Higbee Defendants' motion for an award of attorney's fees pursuant to 17 U.S.C. § 505 or 28 U.S.C. § 1927 (Doc. 24) is DENIED. SO ORDERED.

Dated this 4th day of September, 2020.

Christina Reiss, District Judge
United States District Court